IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MATTHEW MARTH,

                Plaintiff,

v.                                                           ORDER

AETNA LIFE INSURANCE COMPANY and          15-cv-496-jdp
UNISYS LONG TERM DISABILITY PLAN,

                Defendant.

---

Plaintiff Matthew Marth has moved for leave to conduct discovery of information about the denial of his benefits in this ERISA case. Dkt. 19. Specifically, Marth suspects a conflict of interest and is concerned that his claim did not receive a "genuine evaluation." To get additional discovery, Marth must make the necessary showing for exceptional relief required by *Semien v. Life Insurance Company of North America*, 436 F.3d 805 (7th Cir. 2006), and its progeny. Because he has not done so, the court will deny his motion.

Marth acknowledges that the plan administrator's denial of his benefits was discretionary. Dkt. 20, at 5-6. District courts review that exercise of discretion under the deferential "arbitrary and capricious" standard. *Semien*, 436 F.3d at 813 (citations and quotation marks omitted). Under that standard, discovery beyond the administrative record is disfavored. *Perlman v. Swiss Bank Corp. Comprehensive Disability Prot. Plan*, 195 F.3d 975, 982 (7th Cir. 1999) (not allowing discovery on the question of "whether a decision is supported by substantial evidence, or is arbitrary and capricious"). "Although discovery is normally disfavored in the ERISA context, at times additional discovery is appropriate to ensure that plan administrators have not acted arbitrarily and that conflicts of interest have not contributed to an unjustifiable denial of benefits." *Semien*, 436 F.3d at 814-15.

Marth argues that *Semien* has been "implicitly abrogated" by courts in this circuit after *Metropolitan Life Insurance Company v. Glenn*, 554 U.S. 105 (2008). But this overstates *Glenn's* impact. The Seventh Circuit has instructed that cases after *Glenn* reflect "a softening, but not a rejection, of the standard announced in *Semien*." *Dennison v. MONY Life Ret. Income Sec. Plan for Emps.*, 710 F.3d 741, 747 (7th Cir. 2013). Before Marth may conduct additional discovery, he must show that there is a likelihood that a conflict of interest influenced the decision of the plan administrator. *Id*. And for this court to determine whether discovery is necessary because of the likelihood and gravity of a potential conflict, Marth must identify a specific conflict of interest or incident of misconduct as a prerequisite to discovery. *Id*.

Marth has not articulated a specific conflict of interest. He argues that defendant Aetna Life Insurance Company did not fully and fairly evaluate his claim, providing three supporting reasons. First, Marth alleges that Aetna failed to consider that the Social Security Administration considers him "disabled," which he argues demonstrates Aetna's arbitrary decisionmaking. Second, Marth alleges that Aetna did not make a real effort to contact his treating physician before dismissing that doctor's opinions without explanation. Third, Marth alleges that Aetna disregarded its own internal opinions regarding his disabled status. But none of these arguments show that defendants engaged in misconduct or had a specific conflict of interest. Marth is asking for discovery in hopes that he might find a possible conflict of interest, which does not meet the standard articulated in *Semien*, even as refined in *Dennison*.

Marth has failed to demonstrate that this is an exceptional case that merits additional discovery. His motion for leave to conduct discovery, Dkt. 19, is DENIED.

Entered March 4, 2016.

                BY THE COURT:

                /s/

                _____
                JAMES D. PETERSON
                District Judge